UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CRAIG GARARD HILL, <br><br> Plaintiff, <br><br> v. <br><br> WARDEN KAREN TAYLOR, et al., <br><br> Defendants. | Civil Action <br> No. 20-11053 (RBK) (AMD) <br><br> **OPINION** |

**ROBERT B. KUGLER, U.S.D.J.**

Plaintiff is proceeding *pro se* with a civil rights Complaint pursuant to 42 U.S.C. § 1983. For the reasons stated in this Opinion, the Court will dismiss the Complaint without prejudice for failure to comply with Federal Rule of Civil Procedure 8 and for failure to state a claim.

## I.     BACKGROUND

The Court will construe the allegations of the Complaint as true for the purpose of this Opinion. Plaintiff names the following parties as Defendants in this matter: (1) Warden Karen Taylor; (2) Jonathan L. Young, Sr.; and (3) the Camden County Correctional Facility.

The Court gleans that there was something wrong with Plaintiff's left eye which required surgery. (ECF No. 1, at 6.) With no further details, Plaintiff contends that Defendants violated his "Due Process Rights as well as the constitution of the United States 4th, 8th, 14th, etc. etc." (*Id.*) Plaintiff filed the instant Complaint in August of 2020, seeking money damages.

## II.     STANDARD OF REVIEW

District courts must review complaints in civil actions in which a plaintiff is proceeding *in forma pauperis. See* 28 U.S.C. § 1915(e)(2)(B). District courts may *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks

monetary relief from a defendant who is immune from such relief. *See id.* According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To survive *sua sponte* screening for failure to state a claim,[1] the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the [alleged] misconduct." *Iqbal*, 556 U.S. at 678. Moreover, while courts liberally construe *pro se* pleadings, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

In addition to these pleading rules, however, a complaint must satisfy Federal Rule of Civil Procedure 8(a), which states that a complaint must contain:

> (a) A pleading that states a claim for relief must contain[:] (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (per curiam) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *see also Malcomb v. McKean*, 535 F. App'x 184, 186 (3d Cir. 2013) (finding that the Rule 12(b)(6) standard applies to dismissal of complaint pursuant to 28 U.S.C. § 1915A for failure to state a claim).

"Thus, a *pro se* plaintiff's well-pleaded complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a 'short and plain' statement of a cause of action." *Johnson v. Koehler*, No. 18-00807, 2019 WL 1231679, at *3 (M.D. Pa. Mar. 15, 2019). Stated differently, Rule 8 requires a showing that the plaintiff is entitled to relief in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id*. (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)).

### III. DISCUSSION

With the principles above in mind, the Court finds that the Complaint fails to comply with Federal Rule of Civil Procedure 8. As discussed above, Rule 8 requires the Complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Even liberally construing the Complaint, Plaintiff fails to simply or directly allege what his claims are against each Defendant and fails to provide fair notice of the grounds on which he intends to rest his claims.

Plaintiff's Complaint contains nearly no factual allegations and is instead a few sentences of bare conclusions against the Defendants, which are insufficient to state a claim for relief. *Kaplan v. Holder*, No. 14-1740, 2015 WL 1268203, at *4 (D.N.J. Mar. 18, 2015) (citing *Iqbal*, 556 U.S. at 678). The Court gleans that Plaintiff believes Defendants wronged him in some way in connection with his eye injury but offers no further details.

As a result, the Complaint in its current form "would not provide any meaningful opportunity for the Defendants to decipher or answer the vague allegations levied against them." *Koehler*, 2019 WL 1231679, at *3; *see Twombly*, 550 U.S. at 555. Accordingly, the Court will

dismiss without prejudice Plaintiff's Complaint for failure to state a claim upon which relief may be granted and for failure to comply with Rule 8.

With regard to Plaintiff's request to appoint counsel, our jurisprudence provides the Court with broad discretion in determining whether to request representation for an indigent civil litigant notwithstanding the fact that indigent civil litigants "have no statutory right to appointed counsel." *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993), *cert. denied*, 510 U.S. 1196 (1994).  In evaluating a motion seeking appointment of counsel, a court must first determine whether a plaintiff's claims have arguable merit. *Id.* at 155.

If a court finds that a plaintiff's claims have merit, the court should consider the following non-exclusive factors: 1) the plaintiff's ability to present his or her own case; 2) the complexity of the legal issues; 3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation; 4) the amount a case is likely to turn on credibility determinations; 5) whether the case will require the testimony of expert witnesses; and 6) whether the plaintiff can attain and afford counsel on her own behalf. *See id.* at 155–57.

As discussed above, the Complaint fails to state a claim and fails to comply with Rule 8. Accordingly, the Court will deny Plaintiff's request to appoint counsel.

## IV.  CONCLUSION

For the reasons set forth above, the Court will dismiss Plaintiff's Complaint without prejudice and deny Plaintiff's request to appoint counsel.  The Court shall give Plaintiff thirty days to file an amended complaint to cure the deficiencies discussed above.  An appropriate Order follows.

Dated: March 5, 2021                                             s/Robert B. Kugler
                                                                 ROBERT B. KUGLER
                                                                 United States District Judge