UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CRAIG GARARD HILL, | : | |
| | : | |
| Plaintiff, | : | Civ. No. 20-11053 (RBK) (AMD) |
| | : | |
| v. | : | |
| | : | |
| WARDEN KAREN TAYLOR, et al., | : | **OPINION** |
| | : | |
| Defendants. | : | |

**ROBERT B. KUGLER, U.S.D.J.**

### I.   INTRODUCTION

Plaintiff, Craig Garard Hill ("Plaintiff" or "Hill"), is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. Previously, this Court dismissed Plaintiff's first amended complaint without prejudice for failure to state a claim upon which relief may be granted and closed the case. (*See* Dkt. Nos. 11 & 12). However, Plaintiff was given leave to file a proposed second amended complaint. Presently pending before this Court is Plaintiff's motion to amend to file a second amended complaint ("SAC"). (*See* Dkt. No. 13). Accordingly, the Clerk shall reopen this case so that Plaintiff's motion can be analyzed.

This Court must screen the allegations of Plaintiff's proposed SAC pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether they are frivolous or malicious, fail to state a claim upon which relief may be granted, or whether the allegations seek monetary relief from a defendant who is immune from suit. For the following reasons, Plaintiff's motion to amend is denied as futile. His proposed SAC fails to state a federal claim upon which relief may be granted and this Court would exercise its discretion and decline supplemental jurisdiction over his state law claim.

## II.     BACKGROUND

The allegations of Plaintiff's proposed SAC are construed as true for purposes of screening. Plaintiff names two Defendants in his proposed second amended complaint; they are: (1) Jonathan L. Young – Commissioner of the Camden County Corrections Facility ("CCCF"); and (2) Karen Taylor – Warden of CCCF.

The events giving rise to Plaintiff's SAC occurred while he was a pretrial detainee at CCCF. Plaintiff states another inmate attacked him at CCCF in January, 2019. He then claims he was forced to hide his injuries from staff. Ultimately though, Plaintiff was taken to a hospital after a week or two and remained there for a month. Upon returning to CCCF, Plaintiff explains inmates made statements that Plaintiff was a snitch.

Plaintiff states at the time of the attack,[1] CCCF administration housed inmates charged with homicide on the same unit with inmates charged with lesser crimes such as burglary and theft. Plaintiff indicates this caused tension on the unit. Plaintiff states Defendants have the power and authority to better organize housing units at CCCF to separate violent offenders from non-violent offenders. He indicates CCCF is short staffed and that the Defendants have failed to properly train their employees to be more aware of the behavior of inmates and to check on inmates to make sure they are not injured.

In December, 2019, Plaintiff indicates another inmate was attacked. Plaintiff wrote to internal affairs about this incident. Ultimately, Plaintiff got word to the second shift correctional officer about this inmate's condition.

Finally, Plaintiff alludes to not receiving clean sheets in July, 2019.

---

[1] Plaintiff states at one point in the SAC "at the time of my attack back in January 2020[.]" (*See* Dkt. No. 13 at 4). However, this Court presumes Plaintiff is indicating his January, 2019 attack at the hands of a fellow inmate as he provides no details whatsoever concerning an attack in January 2020.

Plaintiff purports to sue the Defendants under the Eighth Amendment and for negligence. He seeks an injunction and monetary relief.

## III.   LEGAL STANDARD

A.  Screening SAC

Under the Prison Litigation Reform Act, Pub.L. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis. See* 28 U.S.C. § 1915(e)(2)(B). The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), as explicated by the United States Court of Appeals for the Third Circuit. To survive the court's screening for failure to state a claim, the complaint must allege 'sufficient factual matter' to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic

recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

*Pro se* pleadings, as always, are liberally construed. *See Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, *"pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

In this case, Plaintiff is seeking redress under 42 U.S.C. § 1983. A plaintiff may have a cause of action under § 1983 for certain violations of constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

B. <u>Motion to Amend</u>

Federal Rule of Civil Procedure 15(a)(2) provides that "[t]he court should freely give leave [to amend] when justice so requires." However, a motion to amend the complaint may be

4

denied where there is undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment.² *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (citation omitted). "In assessing 'futility,' the District Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Id.* (citations omitted).

## IV.   DISCUSSION

This Court construes Plaintiff as attempting to bring three separate claims against the Defendants; they are: (1) failure to protect Plaintiff from other inmates; (2) unconstitutional conditions of confinement related to receiving unclean sheets; and (3) negligence.³ Each of these claims is considered in turn.

---

² Rule 15(a)(1)(B) permits a party to amend its pleading once as a matter of course "if the pleading is one to which the responsive pleading is required, 21 days after service of a responsive pleading or *21 days after service of a motion under Rule 12(b)*, (e) or (f), whichever is earlier" Fed. R. Civ. P. 15(a)(1)(B) (emphasis added). Comparatively, Rule 15(a)(2) states that "in all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

³ This Court does not construe Plaintiff as asserting a claim that the Defendants were deliberately indifferent to his serious medical needs. Indeed, Plaintiff indicates he was actively trying to hide his injuries from Defendants' employees. Should Plaintiff seek to raise such a claim in a proposed third amended complaint he may elect to file, this Court notes that such a claim would fall under the Fourteenth Amendment as Plaintiff was a pretrial detainee. *See Tapp v. Brazill*, 645 F. App'x 141, 145 n.4 (3d Cir. 2016). Nevertheless, the Eighth Amendment's "deliberate indifference" standard provides a guide to what, at a minimum, is owed to pretrial detainees. *See id.* (citing *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 581-82 (3d Cir. 2003)). To state such a claim, Plaintiff must allege "(1) that defendants were deliberately indifferent to [his] medical needs and (2) that those needs were serious." *Rouse v. Plantier,* 182 F.3d 192, 197 (3d Cir. 1999).

5

A. <u>Failure to Protect</u>

Plaintiff sues Defendants for failing to protect him from other inmates. It appears as if Plaintiff is suing Defendants in their roles as supervisors.

To state a claim against a prison official for failure to protect, "the inmate must plead facts that show (1) he was incarcerated under conditions posing a substantial risk of serious harm, (2) the official was deliberately indifferent to that substantial risk to his health and safety, and (3) the official's deliberate indifference caused him harm." *Bistrian v. Levi,* 696 F.3d 352, 367 (3d Cir. 2012) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Hamilton v. Leavy,* 117 F.3d 742, 746 (3d Cir. 1997)). "Deliberate indifference" is a subjective standard whereby "'the prison official-defendant must actually have known or been aware of the excessive risk to inmate safety.'" *Id.* (citing *Beers-Capitol v. Whetzel,* 256 F.3d 120, 125 (3d Cir. 2001)). As noted by the Third Circuit:

> [i]t is not sufficient that the official should have known of the risk. [*Beers Capitol,* 256 F.3d at] 133. A plaintiff can, however, prove an official's actual knowledge of a substantial risk to his safety "in the usual ways, including inference from circumstantial evidence." *Farmer,* 511 U.S. at 842. In other words, "a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Id.*

*Bistrian,* 696 F.3d at 367; *see also Paulino v. Burlington Cnt'y Jail,* 438 F. App'x 106, 109 (3d Cir. 2011) (noting that state of mind requirement for prisoner claims of deliberate indifference applies to pretrial detainee claims) (citation omitted); *see also Miller v. Ricci,* No. 11-859, 2011 WL 1655764 (D.N.J. Apr. 28, 2011) ("To plead a[ ] . . . failure to protect claim a plaintiff must plead facts raising a plausible inference of ... the defendants' deliberate indifference to that particular risk of harm").

6

Supervisory liability as Plaintiff is seeking to assert here, must be predicated upon personal involvement, not *respondeat superior. See Brown v. Deparlos*, 492 F. App'x 211, 214–15 (3d Cir. 2012). There are two theories of supervisory liability applicable to § 1983 claims: (1) "a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations"; and (2) policymakers may also be liable under § 1983 "if it is shown that such defendants, 'with deliberate indifference to the consequences, established and maintained a policy, practice[,] or custom which directly caused [the] constitutional harm.'" *See A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004). With respect to the second theory of liability, a plaintiff must allege that "(1) existing policy or practice creates an unreasonable risk of constitutional injury; (2) the supervisor was aware that the unreasonable risk was created; (3) the supervisor was indifferent to that risk; and (4) the injury resulted from the policy or practice." *See Merring v. City of Carbondale*, 558 F. Supp. 2d 540, 547 (M.D. Pa. 2008) (citing *Sample v. Diecks*, 885 F.2d 1099, 1118 (3d Cir. 1989)); *see also Wharton v. Danberg*, 854 F.3d 234, 241 n.10 (3d Cir. 2017).

Plaintiff fails to state with any facial plausibility that the Defendants were deliberately indifferent in failing to protect Plaintiff from other inmates. Plaintiff does not allege prior to being assaulted in 2019 that he made the Defendants aware of any specific threats against him by other inmates. Instead, Plaintiff appears to base his failure to protect claim on a theory that CCCF should house inmates charged with homicide separate and apart from inmates charged with less violent crimes such as burglary and theft. Such general assertions against other inmates though are insufficient to state a failure to protect claim against Defendants Young and Taylor. *See, e.g.*, *Buoniconti v. City of Philadelphia*, 148 F. Supp. 3d 425, 445-46 (E.D. Pa. 2015)

(quoting *Bistrian*, 696 F.3d at 371) ("[A]llegations stating that 'the risk of harm that occurred was the risk that an inmate with a history of violence *might attack another inmate for an unknown reason*' are too speculative to give rise to an inference of deliberate indifference.") (emphasis added). Indeed, Plaintiff fails to also properly allege causation in that he fails to state that an inmate charged with a violent crime such as murder was the one who attacked him.

Nor are there any well-pleaded allegations that Defendants enacted specific deficient policies (or failed to enact specific policies) such that they can be held personally liable as supervisors. Plaintiff offers no additional facts to support his allegations that a policy or custom existed or that there were any similar incidents *prior* to his attack in January, 2019 that would have put Defendants on notice that purported unlawful conduct was occurring. Furthermore, Plaintiff again fails to properly allege causation. While he claims pretrial detainees charged with homicide at CCCF should be housed apart from inmates charged with burglary or theft, he gives no indication what he was charged with, or what the inmate who attacked him was charged with. Accordingly, to the extent Plaintiff is asserting a supervisory theory of liability against the two Defendants, such allegations fail to state a claim that entitles Plaintiff to relief.

Plaintiff also claims Defendants are liable under a failure to train theory. More specifically, he claims the Defendants should have trained their employees to be more aware of the behavior of inmates and have "counts" where inmates can be checked to see if they are injured.

To plead a claim based on failure to train (and/or supervise), a plaintiff "must demonstrate that a . . . failure to train . . . employees 'reflects a deliberate or conscious choice.'" *Estate of Roman v. City of Newark,* 914 F.3d 789 798-800 (3d Cir. 2019) (quoting *Brown v. Muhlenberg Township*, 269 F.3d 205, 215 (3d Cir. 2001)). Deliberate indifference is plausibly

8

pled by showing that "(1) municipal policy makers know that employees will confront a particular situation, (2) the situation involves a difficult choice or a history of employees mishandling, and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights." *Id.* at 798 (quoting *Doe v. Luzerne County*, 660 F.3d 169, 180 (3d Cir. 2011) (internal brackets omitted)). In some instances, "the need for training can be said to be so obvious, that failure to do so could properly be characterized as deliberate indifference to constitutional rights even without a pattern of constitutional violations." *Thomas v. Cumberland County*, 749 F.3d 217, 223 (3d Cir. 2014) (citing *City of Canton, Ohio v. Harris*, 489 U.S. 378, 390 n.10 (1989)). "Liability in single-incident cases depends on '[t]he likelihood that the situation will recur and the predictability that an officer lacking specific tools to handle that situation will violate citizens' rights.'" *Id.* at 223-24 (quoting *Bd. of Cty. Com'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 409 (1997)). An example of a single-incident case that may give rise to liability is the need to train police officers in the constitutional limitations of the use of deadly force. *See City of Canton, Ohio*, 489 U.S. at 390 n.10.

"Liability cannot rest only on a showing that the employees "could have been better trained or that additional training was available that would have reduced the overall risk of constitutional injury." *See id.* at 226 (citing *Colburn v. Upper Darby Tp.*, 946 F.2d 1017, 1029–30 (3d Cir. 1991)). "[T]he causation inquiry focuses on whether the injury [could] have been avoided had the employee been trained under a program that was not deficient in the identified respect." *Id.* (internal quotation marks and citation omitted).

Plaintiff fails to provide well-pleaded facts that the situation Plaintiff put Defendants' employees in involves a difficult choice or that there was a pattern of *prior* incidents before he was attacked that would have suggested a need for additional training. He also fails to plead

9

sufficient facts to suggest that it was obvious that a lack of training would lead to a constitutional violation, such that a single incident would be sufficient to sustain a failure to train claim at the pleading stage. Finally, to the extent Plaintiff is asserting any causation allegations for failure to train, they are conclusory and insufficient. Accordingly, Plaintiff's SAC also fails to state a failure to train claim against the Defendants.

B. Conditions of Confinement

Plaintiff states he received unclean sheets in July 2019. As a pretrial detainee, Plaintiff's condition of confinement claim is analyzed under the Fourteenth Amendment as opposed to the Eighth Amendment. *See Hubbard v. Taylor,* 538 F.3d 229, 231 (3d Cir. 2008) (explaining that Fourteenth Amendment applies to pretrial detainees' conditions of confinement claim). "The Constitution mandates that prison officials satisfy inmates' 'basic human needs—e.g., food, clothing, shelter, medical care, and reasonable safety.'" *Duran v. Merline,* 923 F. Supp. 2d 702, 719 (D.N.J. 2013) (quoting *Helling v. McKinney,* 509 U.S. 25, 32 (1993)) (remaining citation omitted). The plaintiff must allege that the defendant knew of and disregarded an excessive risk to plaintiff's health. *See Wilson v. Burks*, 423 F. App'x 169, 173 (3d Cir. 2011) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

Plaintiff fails to state a condition of confinement claim against Defendants Young and Taylor. Even if this Court were to assume without deciding supplying Plaintiff with unclean sheets rises to the level of a constitutional violation, Plaintiff fails to state with any facial plausibility that Defendants Young and Taylor had knowledge of Plaintiff receiving unclean sheets in July, 2019. Furthermore, to the extent Plaintiff is suing the Defendants as supervisors, he fails to allege that there was a pattern, practice or custom of receiving unclean sheets to make

these two Defendants liable under that different theory. Accordingly, Plaintiff fails to state a conditions of confinement claim.

    A. <u>Negligence</u>

Plaintiff next states Defendants are liable due to their negligence. As indicated above, Plaintiff fails to properly state a federal claim in his SAC against the Defendants. Thus, there are no more federal claims remaining. Accordingly, the remaining potential basis for Plaintiff's state law negligence claim is supplemental jurisdiction pursuant to 28 U.S.C. § 1367. However, when a court has dismissed all claims over which it had federal question jurisdiction, it has the discretion to decline to exercise supplemental jurisdiction over the remaining state law claims. *See id.* § 1367(c)(3). Because the federal claims against the Defendants no longer remain, this Court would exercise its discretion to decline supplemental jurisdiction over Plaintiff's state law negligence claim.

    V.    **CONCLUSION**

Given that Plaintiff's SAC fails to state a federal claim and this Court declines to exercise supplemental jurisdiction over Plaintiff's state law negligence claim, his motion to amend seeking to file a SAC is futile and is denied. Plaintiff has now had three opportunities to file a complaint that sufficiently states a claim to no avail. Plaintiff shall have one last opportunity to file a proposed third amended complaint that sufficiently states a claim. If, at screening any potential third amended complaint that Plaintiff elects to file, this Court determines it fails to state a claim upon which relief may be granted, Plaintiff shall no longer be granted leave to file a fourth proposed amended complaint. An appropriate order will be entered.

DATED:  January 21, 2022                                        s/ Robert B. Kugler
                                                                                 ROBERT B. KUGLER
                                                                                 United States District Judge